IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONMIGO ENTERPRISES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1405-S-BN |
| | § | |
| AB MILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Conmigo Enterprises LLC initiated this lawsuit through a *pro se* filing titled Plaintiff's Motion for Early Summary Judgment of Non-Infringement [Dkt. No. 3].

United States District Judge Karen Gren Scholer referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on May 13, 2026, the Court entered an order setting out that

> it's not clear whether Plaintiff's case-initiating filing should be construed to as a complaint, perhaps for declaratory judgment.
>
> But there is a larger issue that the Court must address first.
>
> Entity defendants like limited liability companies may not proceed *pro se* in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982) ("This is so even when the person seeking to represent the corporation is its president and major

> stockholder." (citation omitted)))); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear pro se or through a non-attorney in federal court.").
>
> So Plaintiff must retain counsel to avoid the dismissal of this lawsuit.
>
> The Court therefore ORDERS Plaintiff to retain counsel and direct its counsel to enter an appearance on the record by **June 12, 2026**.
>
> Failure to do so, as ordered, will risk dismissal of this lawsuit.
>
> While "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), when such an entity plaintiff declines or fails to hire counsel to represent it after being ordered to do so, the Court may dismiss its lawsuit without prejudice under Federal Rule of Civil Procedure 41(b), *see, e.g.*, *JKD Holdings, LLC v. Prison Litig. Reform Act*, No. 3:21-cv-723-N-BH, 2021 WL 2044316, at *1-2 (N.D. Tex. May 10, 2021), *rec. accepted*, 2021 WL 2042689 (N.D. Tex. May 21, 2021); *Simply L Trucking LLC v. FedEx Freight, Inc.*, No. 3:22-cv-2305-S-BT, 2022 WL 20679148 (N.D. Tex. Nov. 29, 2022), *rec. accepted*, 2023 WL 6139447 (N.D. Tex. Jan. 6, 2023); *Diagnostic Channel Partners, LLC v. Cmty. Care Partners, LLC*, No. 3:23-cv-1492-S-BK, 2024 WL 816259 (N.D. Tex. Jan. 12, 2024), *rec. accepted*, 2024 WL 812028 (N.D. Tex. Feb. 27, 2024).

Dkt. No. 5.

That same day, Plaintiff filed a motion for summary judgment as to its assertion of "non-infringement" [Dkt. No. 7], but Plaintiff has otherwise failed to retain counsel or respond to the Court's order.

This failure to follow an order of the Court and to retain counsel amounts to a failure to prosecute this lawsuit and requires dismissal under Rule 41(b), which "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill*

*Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))); *but see Copeland v. Nevarez*, No. 25-10498, 2025 WL 3241563, at *1 (5th Cir. Nov. 20, 2025) (per curiam) (failure to comply with a court order warning that noncompliance with the local rules "would risk dismissal of [the] case" "falls plainly within Rule 41(b)" (citation omitted)).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding

*pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) ("A dismissal with prejudice is improper unless the case history evidences both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. A petitioner's delay meriting a Rule 41(b) dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity. A party's negligence does not make conduct contumacious; rather, it is the stubborn resistance to authority which

justifies a dismissal with prejudice." (cleaned up)); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

Plaintiff's failure to comply with the Court's order and to retain counsel warrants dismissal under Rule 41(b) without prejudice because Plaintiff has prevented this action from proceeding and has thus failed to prosecute this lawsuit.

And, so, because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Plaintiff decides to obey the Court's order or otherwise retain counsel in order to prosecute its lawsuit, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

It is not apparent based on the record here whether dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice.

But, insofar as this dismissal may somehow prejudice Plaintiff, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE